**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SUSAN CASTELLANI** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | **NO. 07-1198** |
| | : | |
| **BUCKS COUNTY MUNICIPALITY** | : | |
| **("Defendant BCM"), CARMEN THOME,** | : | |
| **RACHAEL CHERRY, and MEREDITH** | : | |
| **DOLAN** | : | |
| **Defendants.** | : | |

**ORDER & MEMORANDUM**

**O R D E R**

**AND NOW** this 28th day of February, 2008, upon consideration of Defendant Bucks County Municipality's Motion to Dismiss Count X of the Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Document No. 18, filed January 11, 2008); Plaintiff's Response in Opposition to the Motion of Defendant Bucks County Municipality to Dismiss Count X of the Amended Complaint (Document No. 21, filed February 6, 2008); and Reply Brief of Defendant Bucks County Municipality in Support of its Motion to Dismiss Count X of the Amended Complaint (Document No. 22, filed February 13, 2008), **IT IS ORDERED** that Defendant Bucks County Municipality's Motion to Dismiss Count X of the Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED** and Count X of the Amended Complaint is **DISMISSED WITH PREJUDICE**.

**MEMORANDUM**

## I.    INTRODUCTION

On March 26, 2007, plaintiff filed a Complaint against Bucks County Municipality ("Bucks County") and defendants Carmen Thome, Rachel Cherry, and Meredith Dolan alleging

unlawful termination and retaliation under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.  By Order dated August 23, 2007, the Court transferred the case to the Civil Suspense File pending plaintiff's receipt of a Right to Sue Letter from the Equal Employment Opportunity Commission ("EEOC"), covering additional claims under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12111, et seq.  Plaintiff was issued a Notice of Suit Rights by the EEOC on October 30, 2007.  Thereafter, by Orders dated December 4, 2007, the Court transferred the case from the Civil Suspense File to the Court's active docket and granted plaintiff leave to file an amended complaint adding claims under the ADA and other claims.

On December 18, 2007, plaintiff filed an Amended Complaint adding eight new claims against defendants.  Counts III through V assert claims against defendant Bucks County for disability discrimination, retaliation, and interference under the ADA.  Counts VI through VIII assert claims against all defendants for disability discrimination, retaliation, and interference under the Pennsylvania Human Relations Act, 43 Pa. C.S.A. § 951, et seq.  Count IX asserts a claim against defendant Bucks County for disability discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq.  Count X, which is the Count defendant Bucks County challenges in the instant Motion to Dismiss, alleges a breach of the duty of fair representation under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, et seq.

## II.    BACKGROUND

This dispute stems from plaintiff's discharge from her employment as an emergency 911 operator for Bucks County.[1]  Plaintiff began her employment with Bucks County on or about

---

[1] The facts are taken from the Amended Complaint and are presented in the light most favorable to plaintiff.

2

June 17, 2002.  On or about September 20, 2004, plaintiff began an FMLA leave for treatment of diabetes, stress, and heart-related medical problems.  Plaintiff alleges that although she was medically released to return to work, with medical restrictions, in December 2004, defendants denied her request to return to work.  Upon being denied the opportunity to return to work, plaintiff submitted an application to extend her FMLA leave of absence, and she remained out of work through March 20, 2005.  On or about March 21, 2005, defendant Cherry wrote to plaintiff demanding that plaintiff return to work at full duty on or before March 25, 2005.  After receiving this letter, plaintiff requested an "interactive process" to discuss medical restrictions.  Plaintiff alleges that she was unilaterally terminated by defendants without receiving a response to her request.

At the time of her termination, plaintiff was a union member represented by the American Federation of State, County and Municipal Employees ("AFSCME"), and she was covered by a collective bargaining agreement ("CBA") between AFSCME and Bucks County.  Plaintiff grieved her termination pursuant to union grievance procedures, and, at the third step union grievance hearing, defendants offered plaintiff two choices: she could either (a) accept termination, in which case defendants would not challenge her application for unemployment compensation, or (b) she could accept a demotion with a salary reduction of $13,000 per year, loss of seniority, and delayed reinstatement of medical benefits.  Plaintiff alleges that she accepted defendants' second option under severe duress and that upon her returning to employment, defendants reduced her salary by $13,700 per year.

In Count X of her Amended Complaint, plaintiff asserts that she is entitled to relief under the LMRA, because defendant Bucks County "arbitrarily, discriminatorily, and in bad faith failed

to comply Plaintiff in breach of a duty of fair representation." (Am. Comp. ¶ 68.) Plaintiff alleges that defendant Bucks County intentionally acted in violation of the CBA between Bucks County and AFSCME in denying plaintiff's rights guaranteed by the CBA. Plaintiff seeks back wages, the reinstatement to an equivalent position, front pay, damages for humiliation, embarrassment, loss of reputation, and loss of self-esteem, punitive damages, reasonable attorneys fees, and such other relief as may be just and equitable.

## III.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), a court must take all well pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969). Only those facts alleged in the complaint may be considered in deciding such a motion. ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994). A complaint should be dismissed if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Therefore, the facts alleged in plaintiff's Amended Complaint are accepted as true in deciding this motion.

## IV.   DISCUSSION

Defendant Bucks County argues that plaintiff's claim for breach of the duty of fair representation must fail because under the LMRA, a federal court lacks subject matter jurisdiction over a suit by a public employee against a municipality for breach of a collective bargaining agreement. Defendant Bucks County further argues that plaintiff has failed to state a

claim for breach of the state-law duty of fair representation, because under Pennsylvania law, the duty of fair representation is owed by an employee's union and not her employer.  The Court agrees with defendant Bucks County.

The LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ."  29 U.S.C. § 185(a).  The statute incorporates by reference the definition of employer contained in the National Labor Relations Act ("NLRA"), which states that the "term 'employer' . . . shall not include . . . any State or political subdivision thereof . . . ."  29 U.S.C. § 152(b).

Applying the definition of "employer" in the NLRA, the Third Circuit has held that a political subdivision of a state is not an "employer" under the LMRA.  See Manfredi v. Hazleton City Auth., Water Dep't, 793 F.2d 101, 104 (3d Cir. 1986); Crilly v. Se. Pa. Transp. Auth., 529 F.2d 1355, 1357 (3d Cir. 1976).  The Third Circuit has further held that because a political subdivision is not an "employer," individuals working for a political subdivision cannot be considered "employees" entitled to sue under 28 U.S.C. § 185(a).  Manfredi, 793 F.2d at 104.  "Thus, the necessary conclusion is that a District Court lacks subject matter jurisdiction over a plaintiff's claims that a political subdivision of a state breached a CBA . . . ."  Jones v. City of Atlantic City, Civ. No. 07-CV-2405, 2007 WL 4545898, *2 (D.N.J. Dec. 19, 2007).

In this case, it is clear from the face of plaintiff's Amended Complaint that defendant Bucks County is a "political subdivision" of the state of Pennsylvania.  Accordingly, defendant Bucks County is not an employer and plaintiff is not an employee for purposes of the LMRA.  The Court, therefore, is "without subject matter jurisdiction to act on [Count X of plaintiff's] complaint."  Manfredi, 793 F.2d at 104.

Plaintiff's claim also fails if construed as a claim for breach of the duty of fair representation under Pennsylvania law,[2] because under Pennsylvania law, a public employee is not entitled to bring an action against her employer for breach of a collective bargaining agreement.  Ziccardi v. Commonwealth, 456 A.2d 979, 981-82 (Pa. 1982); Runski v. Am. Fed'n of State, County and Mun. Employees, 598 A.2d 347, 350 (Pa. Commw. 1991), aff'd 642 A.2d 466 (Pa. 1994); Dubose v. Dist. 1199C, Nat'l Union of Hosp. & Health Care Employees, 105 F. Supp. 2d 403, 416 (E.D. Pa. 2000).  Under the Pennsylvania Public Employee Relations Act, 43 P.S. § 1101-101, et seq., a public employee's only recourse in the event of a dispute with her employer arising out of a collective bargaining agreement is arbitration under the agreement.  See 43 P.S. § 1101-903; Dubose, 105 F. Supp. 2d at 416.  When a union fails to fulfill its fiduciary obligation to assist an employee in arbitration, a plaintiff has the right to bring an action against the union for breach of the duty of fair representation.  Runski, 598 A.2d at 350; Dubose, 105 F. Supp. 2d at 416.  However, a public employee's sole remedy for a breach of this duty is "an order to compel arbitration of the underlying grievance."  Runski, 598 A.2d at 350; Dubose, 105 F. Supp. 2d 416.

Only in rare cases, where an employee can show by specific facts that her employer participated in the union's bad faith or conspired with the union to deny her rights, may she recover damages from her employer for breach of a collective bargaining agreement.  Runski,

---

[2] The Court would have jurisdiction over such a claim, notwithstanding the absence of federal jurisdiction under the LMRA, because the Court has subject matter jurisdiction over plaintiff's claims against defendant Bucks County brought under the FMLA and ADA.  Where a District Court has original jurisdiction over some claims, it also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).

598 A.2d at 350; <u>Dubose</u>, 105 F. Supp. 2d at 416.  There is no such evidence in this case.  To the contrary, plaintiff alleges in her Amended Complaint that AFSCME assisted her in grieving her termination and in obtaining renewed employment with Bucks County.

## V.      CONCLUSION

For all of the foregoing reasons, the Court grants Defendant Bucks County Municipality's Motion to Dismiss Count X of the Amended Complaint.

**BY THE COURT:**

**<u>/s/ Honorable Jan E. DuBois</u>**
**JAN E. DUBOIS, J.**